Filed 5/5/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br>     Plaintiff and Respondent,<br>v.<br>BEAL XAVIER HICKMAN,<br>     Defendant and Appellant. | A169744<br><br>(Contra Costa County<br>Super. Ct. No. 05-00160217-6) |

Defendant Beal Hickman pled no contest to voluntary manslaughter in February 2019 and was sentenced to 21 years in prison. He now appeals from a trial court order denying his petition for resentencing under Penal Code[1] section 1172.6 on the basis that he was convicted after the effective date of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which altered the law of imputed malice. Relying on *People v. Reyes* (2023) 97 Cal.App.5th 292 (*Reyes*), the court concluded that Hickman was ineligible for relief under section 1172.6 because he entered his plea after Senate Bill No. 1437's effective date and was therefore unable to demonstrate that he "could not presently be convicted of murder or attempted murder because of" the changes Senate Bill No. 1437 enacted. (§ 1172.6, subd. (a)(3).)

*Reyes* and the other two published decisions to address the issue, *People v. Lezama* (2024) 101 Cal.App.5th 583, review denied July 17, 2024, S285094 (*Lezama*), and *People v. Gallegos* (2024) 105 Cal.App.5th 434, review

---

[1] All further statutory references are to the Penal Code.

denied December 11, 2024, S287680 (*Gallegos*), all held that a defendant who was convicted by plea after Senate Bill No. 1437 took effect was ineligible for relief under section 1172.6 as a matter of law. (*Gallegos*, at p. 443; *Lezama*, at p. 585; *Reyes*, *supra*, 97 Cal.App.5th at p. 298.) Hickman claims these cases were wrongly decided because they failed to consider that for some time after Senate Bill No. 1437's effective date, it was unclear whether the legislation (1) was constitutional and (2) eliminated the natural and probable consequences doctrine as a theory for second degree murder.

We agree with *Reyes*, *Lezama*, and *Gallegos* that defendants, like Hickman, who were convicted by plea after Senate Bill No. 1437 took effect are categorically ineligible for relief under section 1172.6. We specifically reject Hickman's arguments involving the unsettled nature of the law after Senate Bill No. 1437's effective date and affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In early 2016, based on the February 2014 killing of Chadwick Brice, an information was filed charging Hickman with felony counts of murder and being a felon in possession of a firearm. It was also alleged as to the murder that Hickman personally and intentionally discharged a firearm causing death, personally and intentionally discharged a firearm, and personally used a firearm.[2] The record contains little information about the underlying facts.

Three years later, on February 28, 2019, an amended information was filed that added a felony count of voluntary manslaughter "upon a sudden

---

[2] The charges were brought under sections 187, subdivision (a) (murder), and 29800, subdivision (a)(1) (firearm possession). The firearm enhancements were alleged under section 12022.53, subdivisions (b) through (d). The information also alleged that Hickman served a prior prison term under former section 667.5, subdivision (b).

2

quarrel and heat of passion." It was also alleged that Hickman personally used a firearm during this crime.[3] The same day, under a plea agreement, he pled no contest to voluntary manslaughter and admitted the personal-use allegation in exchange for a 21-year sentence and dismissal of the other charges and enhancements. On April 26, 2019, the trial court sentenced him to 21 years in prison, composed of a term of 11 years for voluntary manslaughter and a consecutive term of 10 years for personally using a firearm.

Hickman filed a petition for resentencing under section 1172.6 in February 2023. The handwritten petition alleged that (1) a charging document was filed against him "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or attempted murder under the same theory"; (2) he pled "guilty to manslaughter in lieu of trial and could have been convicted of first degree or second degree murder under any theory or the natural and probable consequences doctrine"; (3) he could not "now be convicted of any murder due to changes to Penal Code section[s] 188 and 189"; and (4) "the victim was not a peace officer in the performance of his or her duties."

Counsel was appointed to represent Hickman, and the parties filed briefing. In their initial opposition, the People stated Hickman had "likely made a prima facie showing" but argued that he would ultimately be found ineligible for relief because the evidence would prove he could still be convicted of murder under current law. Hickman responded that "the record of conviction [did] not include any finding that [made] him ineligible for relief

---

[3] Hickman was charged with voluntary manslaughter under section 192, subdivision (a), and the accompanying firearm enhancement was alleged under section 12022.5, subdivision (a).

as a matter of law" and asked the trial court to issue an order to show cause and hold an evidentiary hearing.

The People then filed a supplemental opposition claiming that Hickman was ineligible for relief as a matter of law because he entered his plea after Senate Bill No. 1437 took effect, on January 1, 2019. Relying on *Reyes*, which had just been decided, the People argued that Hickman was convicted after "the now invalid theories of murder liability had already been eliminated" and thus was unable to show that he could not be convicted of murder under current law. In reply, Hickman argued that *Reyes* was incorrectly decided, including because the law remained unsettled after Senate Bill No. 1437's effective date.

In January 2024, after a contested hearing, the trial court denied the resentencing petition in a written order. The court concluded that under *Reyes*, Hickman was ineligible for relief because he failed to meet the requirement under section 1172.6, subdivision (a)(3), that he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

## II.
### DISCUSSION

Hickman claims the trial court erred by denying his resentencing petition at the prima facie stage because the fact that he was convicted after Senate Bill No. 1437 took effect does not disqualify him from relief. We are not persuaded.

Effective January 1, 2019, Senate Bill No. 1437 amended sections 188 and 189 to limit liability for murder under the doctrines of felony murder and natural and probable consequences and enacted former section 1170.95, now section 1172.6, to permit a defendant convicted of murder on an invalidated theory to seek resentencing. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 223;

4

*Lezama, supra,* 101 Cal.App.5th at p. 587.) "Based on language in the original enactment, some courts confronted with eligibility questions concluded resentencing was limited to those who had been convicted of murder. [Citations.] Defendants convicted of attempted murder or manslaughter were deemed by those courts to be ineligible. [Citations.] [¶] . . . Believing the attempted murder or manslaughter eligibility determinations made by courts to be contrary to legislative intent and the purpose behind the statutory amendments, the Legislature passed Senate Bill No. 775 (2021–2022 Reg. Sess.) . . . . Effective January 1, 2022, it made amendments to '[clarify, among other things,] . . . that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.'" (*Lezama,* at pp. 587–588, quoting Stats. 2021, ch. 551, § 1, subd. (a).)

In relevant part, section 1172.6 currently provides that "[a] person convicted of . . . manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's . . . manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner . . . accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not

5

presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

To obtain resentencing, a defendant must file a petition "containing a declaration that all requirements for eligibility" under section 1172.6, subdivision (a), are met. (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*); § 1172.6, subd. (b)(1)(A).) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead, the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause' " and conduct other proceedings as necessary. (*Strong*, at p. 708; § 1172.6, subds. (c)–(d).)

A trial court may deny a section 1172.6 petition "at the prima facie stage only if 'the petition and record in the case establish *conclusively* that the defendant is ineligible for relief' as a matter of law." (*People v. Gallardo* (2024) 105 Cal.App.5th 296, 301, quoting *Strong*, *supra*, 13 Cal.5th at p. 708.) We review de novo an order denying a petition on this basis. (*Gallardo*, at p. 301.)

In *Reyes*, the Fifth District Court of Appeal determined that a defendant who was charged with murder in 2020 and pled no contest to second degree murder the following year failed to make a prima facie showing of entitlement to relief under section 1172.6. (*Reyes*, *supra*, 97 Cal.App.5th at p. 296.) *Reyes* held that the defendant was ineligible for relief for two independent reasons. (*Id.* at p. 298.) First, because he was charged after Senate Bill No. 1437 took effect, the charging document did not

6

"allow[] the prosecution to proceed under a theory of murder liability that is now invalid" as required under section 1172.6, subdivision (a)(1). (*Reyes*, at p. 298.) Second, because he was also convicted after the legislation took effect, he was unable to show that he "could not presently be convicted of murder . . . 'because of changes' brought by Senate Bill No. 1437" as required under section 1172.6, subdivision (a)(3). (*Reyes*, at p. 298.) In short, the defendant had "already received the benefits of Senate Bill No. 1437" and was "not the type of defendant [section 1172.6's] retroactive procedure was intended to benefit." (*Id.* at pp. 298–299.)

After the trial court ruled in this case, two other published decisions issued that likewise concluded that a defendant convicted after Senate Bill No. 1437 took effect was ineligible for relief under section 1172.6. In *Lezama*, the Fourth District Court of Appeal addressed the precise fact pattern before us, a defendant who was charged with murder before 2019 but entered a plea to voluntary manslaughter after Senate Bill No. 1437's effective date. (*Lezama*, *supra*, 101 Cal.App.5th at pp. 585–586.) *Lezama* determined that the requirement that the defendant "could not presently be convicted of murder" due to Senate Bill No. 1437's changes to the law (§ 1172.6, subd. (a)(3)) was ambiguous, because the word "presently" could imply a "temporal point of contrast" with either the time of charging or the time of conviction. (*Lezama*, at pp. 588–589.) *Lezama* then relied on the legislative history of Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill No. 775) to conclude that "the Legislature's aim in the manslaughter context was to make relief available to defendants who were convicted by plea or trial at a time when the prosecution could have pursued a murder charge, but the only way of doing so would have been a now invalid theory of imputed malice. Thus, in the manslaughter plea context, the most reasonable reading of

7

[section 1172.6, subdivision (a)(3)'s] criterion for establishing resentencing eligibility is that at the time of conviction—i.e., at the time the plea was entered—the only way to a murder conviction was through an imputed malice theory." (*Lezama*, at p. 590.) As a result, a defendant who entered a plea to manslaughter "at a time when imputed malice theories had already been statutorily eliminated" was ineligible for resentencing as a matter of law. (*Ibid.*)

Finally, the Fifth District Court of Appeal followed *Lezama* in also concluding that a defendant charged with murder before Senate Bill No. 1437 took effect but convicted of voluntary manslaughter after the legislation's effective date was not entitled to relief under section 1172.6. (*Gallegos*, *supra*, 105 Cal.App.5th at pp. 438–439, 442–443.) *Gallegos* concurred with *Lezama*'s reasoning and its analysis of Senate Bill No. 775's legislative history before rejecting the defendant's claim that he was nonetheless eligible for relief based on a separate dismissed charge of attempted murder of a different victim. (*Gallegos*, at pp. 438–439, 442–445.)

Following these authorities, we conclude that Hickman failed to make a prima facie case for relief because the date of conviction "establish[es] conclusively that [he] is ineligible for relief." (*Strong*, *supra*, 13 Cal.5th at p. 708.) Since Hickman entered his plea in February 2019, he cannot show that he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."[4] (§ 1172.6, subd. (a)(3).)

_____

[4] To the extent Hickman claims the trial court "was required to find that a prima facie showing was made" solely because his petition "articulated the requirements for resentencing," he is incorrect. Even if a petition is "facially sufficient" in that it avers the defendant meets the three requirements for relief under section 1172.6, subdivision (a), "a trial court can rely on the record of conviction in determining whether . . . [a] prima facie

8

Hickman contends that *Reyes*, *Lezama*, and *Gallegos* are "inapposite and unpersuasive" because none of them addressed two ways in which the law remained unsettled after Senate Bill No. 1437 was enacted, namely whether the legislation was constitutional and whether it eliminated liability for second degree murder under the natural and probable consequences doctrine. The contention is without merit.[5]

Citing several published and unpublished appellate opinions discussing lower court rulings, Hickman first asserts that "superior court judges" had ruled that Senate Bill No. 1437 unconstitutionally amended other laws.[6] He claims the legislation's validity was therefore uncertain until November 2019, when the Fourth District Court of Appeal held in companion decisions that it was constitutional. (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246.)

Although some trial courts initially concluded that Senate Bill No. 1437 was unconstitutional, Hickman does not identify any appellate decisions coming to the same conclusion, much less any that did so before he entered his plea. There is "a well-established presumption that the Legislature did not violate the Constitution," meaning that a court " 'considering the constitutionality of a legislative act,' " including Senate Bill No. 1437,

---

showing is made" under subdivision (c) of the statute. (*People v. Lewis* (2021) 11 Cal.5th 952, 960, 970; *Strong, supra*, 13 Cal.5th at p. 708.)

[5] Because of this conclusion, we necessarily reject Hickman's related argument that "any competent criminal defense attorney" would have warned him at the time of his plea that he could still be convicted of murder on a now-invalid theory since there was no "guarantee" that appellate courts would correctly interpret Senate Bill No. 1437.

[6] We deny Hickman's request for judicial notice of the unpublished decisions. The request is procedurally improper, and the decisions are unnecessary to our analysis.

" 'presume[s] its validity, resolving all doubts in favor of the [a]ct.' " (*People v. Prado* (2020) 49 Cal.App.5th 480, 484, quoting *California Housing Finance Agency v. Elliott* (1976) 17 Cal.3d 575, 594.) In light of this principle, we decline to conclude that Senate Bill No. 1437's constitutionality was unsettled merely because no published decision had yet affirmatively declared it to be constitutional.

Hickman next asserts that "whether or not the natural and probable consequences doctrine continued as a valid theory to support a second degree murder conviction remained unsettled" until December 2020, when the Supreme Court decided *People v. Gentile* (2020) 10 Cal.5th 830. True, *Gentile* held that Senate Bill No. 1437 "bars a defendant from being convicted of second degree murder under a theory that the defendant aided and abetted a crime, the natural and probable consequence of which was murder." (*Gentile*, at p. 843.) But the Attorney General conceded the issue in *Gentile*, and every published Court of Appeal decision before that case, the earliest being in August 2019, held that the legislation "eliminate[d] natural and probable consequences liability for murder regardless of degree." (*Id.* at pp. 843, 847–848 [collecting cases].) Hickman again fails to identify any appellate authority holding that such a theory of liability *did* survive after Senate Bill No. 1437 (besides the unpublished Court of Appeal decisions in *Gentile* that the Supreme Court reversed). (*Gentile*, at pp. 842, 859–860.) We decline to conclude that Senate Bill No. 1437's elimination of the natural and probable consequences doctrine as applied to murder was unclear when Hickman entered his plea merely because no appellate decision had yet squarely made such a holding.

The possibility that Senate Bill No. 1437 would be misinterpreted or misapplied does not permit Hickman to escape the consequences of the plea

10

he entered after the legislation took effect.  The trial court properly denied his resentencing petition at the prima facie stage because his date of conviction precludes him from demonstrating that he cannot "presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd, (a)(3).)

## III.
### DISPOSITION

The order denying Hickman's petition for resentencing under section 1172.6 is affirmed.

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.


_____

Smiley, J.

*People v. Hickman*  A169744

Trial Court:

    Superior Court of the County of Contra Costa


Trial Judge:

    Hon. Jennifer Lee


Counsel:

    Michael S. Ogul, under appointment by the Court of Appeal, for
Defendant and Appellant


    Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant
Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General,
Seth K. Schalit, Supervising Deputy Attorney General, Katherine Seaman,
Deputy Attorney General, for Plaintiff and Respondent


*People v. Hickman*  A169744